The opinion of the court was delivered by
Til ohm AN, C. J., (after stating the case).
It was contended by the counsel for the plaintiff, in the first place, that there was a total loss of the voyage by the very great interruption, and delay, which took place, in consequence of the damage at sea, which obliged the ship to put into the Isle of France. But this argument is not sustainable — the interruption of a voyage, is not the loss of it. The insurers engage that the voyage shall be accomplished, but not in any particular time. The ship is. to be repaired at their expense, and then to prosecute her voyage. She did so in this instance, and arrived safe at the port of destination. If it were necessary to cite authority on this point, I might refer to the cáse of Anderson, &c. v. Wallis, 2 M. & S. 240, which is much- stronger than the one now under consideration: In that case, the voyage insured, was from London to Quebec, and the ship, having reached the banks of Newfoundland, was obliged to put back,- and made a port in Ireland. There she was repaired,' but the Season was so far advanced, that the voyage to Quebec could, not be prosecuted till the next *120 year. Still it was held that the voyage was not lost. But the d if- 1 ficulty in the present case arises on the plaintiff’s second point, which is, that the loss was total, because it exceeded fifty per cent. In general, that is the rule. If goods are damaged to the amount of more than fifty per cent, the insured may abandon, and claim for a total loss. But this is an insurance on profits, and by the express agreement, the defendant is to be free -from all average loss, and to have no benefit of salvage. This is a very important part of the contract. The case turns on it. There can be but two kinds of loss ; total and partial, (commonly called average). Every loss, less than total, must be partial, however great its amount. That kind of total loss which arises from damage, to an amount greater than fifty per cent., is merely technical, ' It is, in truth, as much a partial loss, as if the damage were only five per cent. And although the rule has been adopted for convenience, yet it is at the option of the assured, to wave it; he may abandon, and claim for a total loss, or decline an abandonment,- and recover, according to his actual loss, be it what it may. The question is then, whether,, when the insured discharges the insurer from all average loss, he does not discharge him from all .loss which may be properly called average, without regard to its amount. Although this is an insurance on profits, yet it partakes something of the nature of an insurance on the goods from which the profits are to arise. The profits are valued. at 20,000 dollars. Yet it cannot be considered as an undertaking that the insured shall in all events make profits to that amount. If the cargo had arrived in good condition, at Philadelphia, the underwriters would have been discharged, though it had sold at a loss. In order, therefore, to ascertain the meaning of this expression, “ free from average,” it will be important to inquire whether it has been used,’and acquired a definite signification, in insurances upon goods. And we find that it has. In almost every policy, the words “ free from average, except general,” are applied, in a memorandum, to certain articles, (thence called memorandum articles,) which by nature, are apt to be deteriorated from other causes, than perils of the sea. Concerning the meaning of those words, there have been frequent disputes. I shall mention some of the cases, from which it will appeal’, that it is now well settled, that although the memorandum articles are damaged to a greater, amount than fifty per cent., the insurer .is not liable, because the loss is but partial. In Wilson v Smith 3 Burr. 1550, the goods were damaged more than fifty per cent., yet the underwriters were held not liable. Anderson v. The Royal Exchange Assurance Company, (7 East. 38) was a stronger case; the ship was stranded, and the goods remained some time under water, during which the insured might have abandoned,' because the loss was total; but having waited till they were recovered from the water, although very much damaged, and then abandoned, it was held that he was too late, and the insurer *121 were discharged, because the loss though great, was but partial. The same law is to be found in 16 East. 214. Thompson v. The Royal Assurance Company, and in Glamie v. The London Insurance Company, (2 M. & S. 371,) and Wilson v. The Royal Exchange Insurance Company, (2 Camp. 623.) The courts of the United States have held-the same principle as appears in Marcardier v. The Chesapeake Insurance Company, (8th Cranch. 39.) and in Biays v. The Chesapeake Insurance Company (7 Cranch. 415) also in Moreen v. The United States Insurance Company, (1 Wheat. 219.) From all these'authorities, it is quite clear, that in an assurance on goods “ warranted free from average unless general,” the insured "cannot recover for any partial loss, though exceeding fifty per cent. But this is an insurance on profits. When first this kind-of insurance was introduced, its legality was questioned. But although it is. in its nature productive of difficult questions, and therefore forbidden by the laws of several countries in Europe, yet its legality is not now to be questioned here, having been long ago firmly established. The disputes which spring from it, are not always easy to be comprehended; yet we may understand without difficulty that there may be a partial loss of profits by an absolute loss of part of the goods from which the profits were expected to arise, or from damage sustained by part of the goods or all of them.. In the case of Hodgson v. Glover, (6 East. 316,) there was an. insurance on profits of a cargo of slaves. The ship was injured by tempests, in which some of the slaves were lost, the rest arrived safe and were sold; but upon the whole there were no profits and the insured claimed for atotahloss. The plaintiff .did not recover, for a reason not. applicable to the case before us, but both Lawrence and Le Blanc, Justices, in delivering their opinions, remarked, that it was clearly only an average loss. In this present case, the teas which arrived in good condition, were sold at great profit, although upon the whole adventure there was a loss. In that respect, it resembles the case of Hodgson v. Glover, and both cases are alike in another circumstance, viz. that the ¡profits were valued at the sum insured. Taking for granted then, that whatever loss was suffered in the present case, was. but partial, how is the plaintiff to recover against his warranty, free from, average? And what reason can be assigned, for giving these words a different construction when applied to profits, from that which has been established, when applied to goods? Ought we not rather to suppose, that the construction which had been applied to goods, long before insurances onprofitsvsreve introduced, was understood by both parties, and intended to be adopted, when an insurance on profits was first made? In both instances the warranty, in question appears to have been introduced, for- the purpose of avoiding all dispute upon a'subject capable of producing dispute, and that too of a difficult nature. I am therefore of opinion, that in both cases there should be the same construction,
*122 There was another question raised by the plaintiff’s counsel, which remains to be considered. Some of the teas were totally lost. Is he entitled to recover for loss of profits on them? It is contended, that he should recover, because in such case, if the insurance had been on goods, he would have recovered. For this the case oí Davy v. Milford, (15 East. 559) is relied on. That was an insurance on flax) put up in different, packages, warranted free from average, except general. Some of the packages were sunk and totally lost; others were partially, injured. The Court of King’s Bench held, that for those which were totally lost, the insured was entitled to recover. This is the only English ease in support of that position, and it is in direct contradiction to the case of Biays v. The Chesapeake Insurance Company, (7 Crunch 415.) That was an insurance on a cargo of hides, warranted free from average, except general. Sorqe of the hides were sunk and totally lost, and the question was, whether the plaintiff could recover for them. The court, on full consideration, decided) that he could not recover; because those hides, being part of the cargo, the loss, on the whole, was but partial, although part was totally destroyed. The decisions of the Supreme Court of the United States have no obligatory authority over this court, except in cases growing out of the constitution, of which this is not one. Yet so great is the importance of preserving uniformy of commercial law, throughout the United States; and so great the respectwhieh I feel for the highest tribunal in the union, that I shallalways be inclined to adopt its opinions, rather than those of any foreign court, unless when I am well satisfied, it is in the wrong. That is more than I can say on the present occasion; for whoever examines the reports of the two cases I have referred to, will perceive, that the question underwent more discussion, and was decided after more deliberate consideration, in our own country, than in England. I think, it will be perceived, that the principle set up by the English court, although recommended at first view, by an appearance of equity, will have a tendency to introduce some of those very disputes, and difficulties, which it was the object of this warranty to prevent. Upon, the whole, it is my opinion, that the plaintiff, having proved only an average loss, and' having warranted against all avérage losses, is not entitled to recover. .